[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14705
Non-Argument Calendar

_____

Agency No. A095-079-642

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2010
JOHN LEY
CLERK

ZHI KENG CHEN,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 20, 2010)

Before EDMONDSON, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

Zhi Keng Chen, a citizen and native of the People's Republic of China,

petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), INA §§ 208, 241; 8 U.S.C. §§ 1158, 1231. On appeal, Chen argues that he was eligible for asylum based on his "other resistance" to China's family planning policy and the mental anguish he suffered after his wife's forced sterilization. He also contends that he established eligibility for withholding of removal and protection under the Convention Against Torture ("CAT").

We review the BIA's decision, except to the extent that it expressly adopts the IJ's opinion. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA issued its own decision, expressly adopting portions of the IJ's decision. Accordingly, our review is limited to the BIA's decision and those parts of the IJ's decision expressly adopted by the BIA. *Id.*

The BIA's factual determinations are reviewed under the "highly deferential" substantial evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quotation omitted). "Thus, a finding of fact will be reversed only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir.

2

2006) (quotation omitted).

To be eligible for asylum, the applicant bears the burden of proving refugee status by establishing, with specific and credible evidence, (1) past persecution on account of a protected ground; or (2) a well-founded fear of future persecution on account of a protected ground. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1231 (11th Cir. 2006). However, fear of punishment for leaving China illegally is not a protected ground. *Yu v. U.S. Att'y Gen.*, 568 F.3d 1328, 1334 n.4 (11th Cir. 2009).

While the INA does not define persecution, we have held that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations and brackets omitted). Furthermore, the INA provides that:

> [A] person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

INA § 101(a)(42)(B), 8 U.S.C. § 1101(a)(42)(B). We recently held that § 1101(a)(42)(B) "does not confer automatic refugee status on an individual

merely because his or her spouse . . . underwent a forced abortion or sterilization." *Yu*, 568 F.3d at 1332. "Rather, the person who did not physically undergo the forced procedure, or is not subject to a well-founded fear of one, must establish actual persecution for resisting a country's coercive family planning policy, or a well-founded fear of future persecution for doing so." *Id.* at 1333 (quotations omitted). Thus, even if hiding from authorities to avoid a spouse's sterilization amounts to "other resistance," the alien must still show that he was personally persecuted because of that resistance. *Id.* at 1334.

To qualify for withholding of removal under the INA, an applicant must show that, if returned to his country of origin, his life or freedom would be threatened on account of a statutorily-protected ground. INA § 241(b)(3); 8 U.S.C. § 1231(b)(3). An applicant can satisfy this burden of proof by a showing that he either suffered past persecution or that it is more likely than not that he will be persecuted in the future. *See* 8 C.F.R. §§ 1208.16(b)(1)-(2). When a petitioner is unable to meet the standard of proof for asylum, he is generally precluded from qualifying for withholding of removal. *Al Najjar*, 257 F.3d at 1292-93.

We note initially that, even if Chen's act of hiding from authorities amounted to "other resistance," he failed to offer any argument as to how he was persecuted based on that "other resistance." While he does argue that he suffered mental anguish based on his wife's forced sterilization, that is not based on Chen's

4

own resistance.  Accordingly, Chen has abandoned this issue on appeal.  *See Sepulveda*, 401 F.3d at 1228 n.2 ("When an appellant fails to offer argument on an issue, that issue is abandoned").

Chen argues that his mental anguish amounted to past persecution; however, the BIA concluded that Chen did not suffer mental anguish in the first place.  Substantial evidence supports this conclusion.  The evidence showed that Chen did not alter his life after his wife's forced sterilization, but continued to work for the Chinese government for nearly two years.  Chen did not attempt to leave China until after he was detained by police for making an utterance in opposition to the government's removal of people exercising in the town square, which had nothing to do with his wife's forced sterilization.  Accordingly, the record does not compel reversal of the BIA's conclusion that Chen did not suffer mental anguish.  In addition, Chen's fear of future persecution was not based on a protected ground because he testified that he feared imprisonment for being smuggled illegally out of China.  *See Yu*, 568 F.3d at 1334 n.4.  Thus, Chen failed to establish his eligibility for asylum.  As such, it follows that he cannot meet the more rigorous standard for withholding of removal.  *See Al Najjar*, 257 F.3d at 1292-93.  Also, because Chen did not challenge the IJ's denial of CAT relief to the BIA, he has not exhausted his administrative remedies as to this issue and we dismiss this claim for lack of jurisdiction.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250

(11th Cir. 2006).

**PETITION DENIED IN PART, DISMISSED IN PART.**